Michael *v.* Dunkle.

---

---

No. 8645.

## MICHAEL *v.* DUNKLE.

CRIMINAL CONVERSATION.—*Husband and Wife.—Separation and Divorce.*— The husband has an action for criminal intercourse with his wife accomplished after a final separation from her, which is followed, before the commencement of the action, by a divorce granted to her on account of his cruelty.

SUPREME COURT.—*Evidence.*—The Supreme Court does not review decisions upon questions of fact when the evidence is conflicting.

From the Steuben Circuit Court.

*J. A. Woodhull* and *W. G. Croxton,* for appellant.
*S. A. Powers, D. R. Best* and *B. Dawson,* for appellee.

Woods, C. J.—Appeal from a judgment against the appellant for damages on account of criminal conversation with

Michael *v.* Dunkle.

the wife of appellee. It is claimed that the verdict is not sustained by and is contrary to the evidence.

Conflict and discrepancies in the evidence are urged upon our attention, but that we can not consider them is settled by numerous decisions.

It is next claimed that it appears on the testimony of the appellee, that the intercourse now complained of took place with his consent. There is certainly no direct evidence of such consent, and it can be made out only by inference from the circumstances in evidence, which need not be detailed here. The inference drawn by the jury was adverse to the appellant, and, the court below having refused to set the verdict aside, this court will not interfere.

The evidence shows, or tends strongly to show, without conflict, that before the criminal intercourse occurred the appellee and wife had finally separated, that they did not afterwards live together, and that before the commencement of this action she obtained a decree of final divorce from him; and upon these facts it is insisted that the appellee was not entitled to recover. We think otherwise. The woman was still the appellee's wife, and notwithstanding the differences which had led to the separation, which it seems was caused by his cruelty, there might have been a reconciliation between them; and indeed there is evidence that the appellee was seeking to bring this about at the time when the offences of the appellant were committed and discovered. After this discovery, it is not strange that the appellee permitted his wife, without resistance, to obtain a divorce; but he did not thereby waive or lose his right to redress for the injury done. It would not be in the interests of good order and the public morals to permit the seducer of a wife to set up a disagreement, or even a separation, between her and the husband, as a complete defence to an action by the latter for the wrong.

Judgment affirmed.