## LEVY v. HARRIS.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

PLEADING—SEPARATE CAUSES OF ACTION IN COMPLAINT—SURPLUSAGE.

Where a complaint contains allegations sufficient to constitute a cause of action for criminal conversation, allegations therein charging abduction, not stated as a separate cause of action, will be treated as surplusage, where plaintiff only relied upon and proved the criminal conversation.

Appeal from trial term, New York county.

Action by Jacob Levy against Mark Harris for criminal conversation. From a judgment dismissing the complaint, he appeals. Reversed.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

H. W. Leonard, for appellant.

S. F. Hyman, for respondent.

PATTERSON, J. The question presented on this appeal arises on a bill of exceptions bringing up for review the ruling of the trial justice, who dismissed the complaint for failure of proof. In the first paragraph of that complaint it is averred that the plaintiff was the husband of one Lillie Levy, to whom he was married at a date stated. In a separate and second paragraph the pleader then sets forth, in apt words, facts constituting a cause of action against the

defendant for enticing away the plaintiff's wife. Had the substantial averments of the complaint stopped there, its sufficiency could not have been doubted; but the pleader went further, and, in the third separate paragraph, set.forth, also in appropriate form, a cause of action against the defendant for criminal conversation. It contains, in connection with the first paragraph, every averment essential to a declaration at common law (except the technical words of trespass), based solely on that cause of action. The justice presiding considered the complaint as an entirety, holding that it set forth but one single cause of action. The bill of exceptions recites that no evidence was given as to enticement, but proof was offered tending to show the adultery of the defendant with the plaintiff's wife. Thereupon the complaint was dismissed.

Although not separately numbered, there are two causes of action separately stated. The enticing away is alleged to have been in 1894; the adulterous intercourse, in 1896. Neither cause of action depended on the establishment of the other. If they were not pleaded in correct technical form, that objection is not fatal, and does not require a nonsuit at a trial. Each set of facts as pleaded gave rise to a different action,—one for abduction, the other for adultery, the latter of which, when made the basis of a civil action for damages, is commonly called "criminal conversation." The separateness of the two actions is complete. 3 Bl. Comm. 139. To sustain that for abduction or enticement, proof of adultery is not required, and the action for criminal conversation may be maintained, although the husband and wife are not living together at the times of the alleged adulterous intercourse. 5 Enc. Pl. & Prac. 619, note. The appellant insisted at the trial upon the separateness of the causes of action, and upon his right to prove the facts constituting that for criminal conversation. His position was well taken, for that cause of action was independent of the other. As to it, the allegations of abduction or enticing away were surplusage. The allegations of enticement, in 1894, were altogether foreign to those of adultery, in 1896, and hence come directly within the definition of "surplusage." We have therefore a pleading containing two causes of action, as to which one was susceptible of proof, the other not. It was too late to object to any technical defect arising from inartificiality, and the plaintiff was entitled to have his case heard on the one cause of action his proffered evidence tended to prove.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.