Jacob Levy, Appellant, *v.* Mark Harris, Respondent.

*Pleading — a complaint by a husband containing two complete causes of action, one for enticing away his wife and one for criminal conversation not separately stated — upon proof of the criminal conversation alone, he is entitled to judgment — objection on the trial to matters of form.*

The 1st paragraph of a complaint averred that the plaintiff was the husband of one Lillie Levy to whom he was alleged to have been married at a date stated; the 2d paragraph set forth, in apt words, facts constituting a cause of action against the defendant for enticing away the plaintiff's wife in 1894; and the 3d paragraph set forth, in appropriate form, a cause of action against the defendant for criminal conversation in 1896, which, taken in connection with the 1st paragraph, contained every averment essential to such a declaration at common law (except the technical words, of trespass), based solely on that cause of action.

On the trial no evidence was given as to enticement, but proof was offered tending to show the adultery of the defendant with the plaintiff's wife, and thereupon the complaint was dismissed.

*Held,* that, although not separately averred, there were two causes of action separately stated — one for the enticing away in 1894, and the other for the adulterous intercourse in 1896;

That the plaintiff was entitled to have his case heard on the only cause of action which his proffered evidence tended to prove;

That the fact that the causes of action were not pleaded in correct technical form was not fatal, and that it was too late on the trial to object to any technical defect arising from inartificiality.

Appeal by the plaintiff, Jacob Levy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of February, 1898, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Henry W. Leonard,* for the appellant.

*S. F. Hyman,* for the respondent.

Patterson, J. :

The question presented on this appeal arises on a bill of exceptions bringing up for review the ruling of the trial justice who dismissed the complaint for failure of proof. In the 1st paragraph of that complaint it is averred that the plaintiff was the husband of one Lillie Levy, to whom he was married at a date stated. In a separate and 2d paragraph the pleader then sets forth in apt words facts constituting a cause of action against the defendant for enticing away the plaintiff's wife. Had the substantial averments of the complaint stopped there, its sufficiency could not have been doubted ; but the pleader went further, and in the 3d separate paragraph set forth also in appropriate form a cause of action against the defendant for criminal conversation. It contains in connection with the 1st paragraph every averment essential to a declaration at common law (except the technical words of trespass), based solely on that cause of action. The justice presiding considered the complaint as an entirety, holding that it set forth but one single cause of action. The bill of exceptions recites that no evidence was given as to enticement, but proof was offered tending to show the adultery of the defendant with the plaintiff's wife. Thereupon the complaint was dismissed.

Although not separately numbered, there are two causes of action separately stated. The enticing away is alleged to have been in 1894 ; the adulterous intercourse in 1896. Neither cause of action depended on the establishment of the other. If they were not pleaded in correct technical form that objection is not fatal and does not require a nonsuit at a trial. Each set of facts as pleaded gave rise to a different action, one for abduction, the other for adultery, the latter of which when made the basis of a civil action for damages is commonly called criminal conversation. The separateness of the two actions is complete. (3 Black. Com. 139.) To sustain that for abduction or enticement, proof of adultery is not required and the action for criminal conversation may be maintained, although the husband and wife are not living together at the times of the alleged adulterous intercourse. (5 Ency. Pl. & Pr. 619, note.) The appellant insisted at the trial upon the separateness of the causes of action and upon his right to prove the facts constituting that for criminal conversation. His position was well taken, for

that cause of action was independent of the other. As to it, the allegations of abduction or enticing away were surplusage. The allegations of enticement in 1894 were altogether foreign to those of adultery in 1896, and hence come directly within the definition of surplusage. We have, therefore, a pleading containing two causes of action, as to which one was susceptible of proof, the other not. It was too late to object to any technical defect arising from inartificiality, and the plaintiff was entitled to have his case heard on the one cause of action his proffered evidence tended to prove.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

Rumsey, O'Brien and Ingraham, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

----

The People of the State of New York ex rel. Bird S. Coler, as Comptroller of the City of New York, Relator, v. Daniel Lord and Others, as Commissioners Appointed under and by Virtue of the Provisions of Chapter 537 of the Laws of 1893, and the Provisions of Chapter 567 of the Laws of 1894, and Katherine E. Rapp, Claimant, Respondents.

*New York city — commissioners of award may permit a claimant for damages from a change of grade to amend her notice of claim by inserting the true number of her lot.*

In a notice of claim for damages, resulting from the change of the grade of a street in the city of New York in front of the claimant's premises, the number of her lot was stated as No. 3, whereas, in fact, it was lot No. 1, and in the proceeding before the commissioners the claimant proved a title in fee to lot No. 1, which adjoined lot No. 3, and this clerical error in the number of the lot having been made to appear before the commissioners, they allowed the notice of claim to be amended by the insertion of the proper number.

*Held,* that it was not necessary under the provisions of section 2 of chapter 537 of the Laws of 1893, as amended by chapter 567 of the Laws of 1894, requiring the filing of a notice "briefly describing the property of such owner," that the brief description given in the notice of claim should, in every feature and detail, be precisely accurate, where there was enough in the notice, without regard to the incorrect figure, to identify the property described as belonging to the claimant.

Ingraham, J., dissented.