(59 App. Div. 319.)

## CURRIE v. GARDENIER.

(Supreme Court, Appellate Division, Third Department.  March 8, 1901.)

HUSBAND AND WIFE—CRIMINAL CONVERSATION—COMPLAINT—STATUTE OF LIMITATIONS—APPLICABILITY.

> Code Civ. Proc. § 384, provides that actions for criminal conversation shall be barred within two years.  Plaintiff alleged that, in consequence of criminal relations between defendant and plaintiff's wife, her affections became alienated, and she left plaintiff, and refused to live with him.  *Held*, that it was error to strike out an answer setting up such limitation.

Appeal from special term, Columbia county.

Action by James P. Currie against William I. Gardenier.  From an interlocutory judgment sustaining a demurrer to the answer, defendant appeals.  Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

E. R. Harder, for appellant.

G. K. Daley, for respondent.

SMITH, J.   The defendant has appealed from the determination of the special term that the second defense in his answer was insufficient in law upon the face thereof.   That defense assumed to plead the two-years statute of limitations to the plaintiff's action.   Defendant argues that this plea was properly interposed, under section 384 of the Code, as a sufficient defense to plaintiff's cause of action.

The substance of the plaintiff's complaint is that Margaret R. Currie was the wife of the plaintiff, and that the defendant maliciously alienated her affections, and debauched and carnally knew the said Margaret R. Currie.   The plaintiff then alleges "that, in consequence and by reason of said criminal relations, the affections of the said Margaret R. Currie became alienated, and the said Margaret R. Currie was wrongfully induced and enticed by said defendant to leave this plaintiff and his and her then residence in said town of Schodack."   In the third paragraph of the complaint it is alleged that "by reason of the premises the affections which the said Margaret R. Currie theretofore had for the plaintiff were alienated and destroyed, and the plaintiff was thereby deprived of the comfort, society, aid and assistance, and affection which he otherwise would have had from the said Margaret R. Currie, and plaintiff has suffered great distress of body and mind in consequence thereof, to his damage ten thousand dollars ($10,000)."   We think that this complaint states a cause of action for criminal conversation, and that no other cause of action is therein stated.   It is true that it is alleged that the defendant alienated the affections of the plaintiff's wife, and enticed her from his home.   It is further alleged, however, that such affections were alienated and such enticement was caused by reason of the criminal relations existing between her and the defendant.   The alienation of affections, therefore, and the enticement, appear to be alleged as part of the damages caused by the defendant's wrongful debauchery of plaintiff's wife.   To this cause of action we think that the two-years statute of limitations was properly pleaded.

This case does not come within the decision of Levy v. Harris, reported in 29 App. Div. 453, 59 N. Y. Supp. 963. In that case two distinct causes of action were stated, and the enticement of plaintiff's wife was alleged to have occurred two years before the criminal relations thereafter charged.

The interlocutory judgment should be reversed, and the demurrer overruled, with costs.

Interlocutory judgment reversed, and demurrer overruled, with costs in this court and in court below. All concur; PARKER, P. J., and EDWARDS, J., in result.