JAMES P. CURRIE, Respondent, *v.* WILLIAM I. GARDENIER,
Appellant.

*Pleading — action for criminal conversation, alleging the alienation of the wife's
affections by way of damages caused thereby.*

The complaint in an action, after alleging that the defendant maliciously alien-
ated the affections of the plaintiff's wife and debauched and carnally knew
her, stated "that *in consequence and by reason of said criminal relations* the
affections of the said Margaret R. Currie became alienated, and the said Mar-
garet R. Currie was wrongfully induced and enticed by said defendant to leave
this plaintiff and his and her then residence in said town of Schodack." It
further alleged that "by reason of the premises the affections which the said
Margaret R. Currie theretofore had for the plaintiff were alienated and
destroyed, and the plaintiff was thereby deprived of the comfort, society, aid
and assistance and affection which he otherwise would have had from the said
Margaret R. Currie, and plaintiff has suffered great distress of body and mind
in consequence thereof, to his damage ten thousand dollars ($10,000)."

*Held,* that the complaint stated a single cause of action for criminal conversation,
and that the alienation of the wife's affections and her enticement from him
were alleged as part of the damages caused by it.

APPEAL by the defendant, William I. Gardenier, from an inter-
locutory judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Columbia on the
13th day of November, 1900, upon the decision of the court, ren-
dered after a trial at the Albany Special Term, sustaining a demurrer
to the second defense set up in the answer.

*E. R. Harder,* for the appellant.

*G. K. Daley,* for the respondent.

SMITH, J. :

The defendant has appealed from the determination of the Special
Term that the second defense in his answer was insufficient in law
upon the face thereof. That defense assumed to plead the two
years' Statute of Limitations to the plaintiff's action. Defendant
argues that this plea was properly interposed under section 384 of
the Code of Civil Proceedure as a sufficient defense to plaintiff's
cause of action.

The substance of the plaintiff's complaint is that Margaret R.

Currie was the wife of the plaintiff and that the defendant maliciously alienated her affections and debauched and carnally knew the said Margaret R. Currie. The plaintiff then alleges "that *in consequence and by reason of said criminal relations* the affections of the said Margaret R. Currie became alienated, and the said Margaret R. Currie was wrongfully induced and enticed by said defendant to leave this plaintiff and his and her then residence in said town of Schodack. * * *" In the 3d paragraph of the complaint it is alleged that "by reason of the premises the affections which the said Margaret R. Currie theretofore had for the plaintiff were alienated and destroyed, and the plaintiff was thereby deprived of the comfort, society, aid and assistance and affection which he otherwise would have had from the said Margaret R. Currie, and plaintiff has suffered great distress of body and mind in consequence thereof to his damage, ten thousand dollars ($10,000)." We think that this complaint states a cause of action for criminal conversation, and that no other cause of action is therein stated. It is true that it is alleged that the defendant alienated the affections of the plaintiff's wife and enticed her from his home. It is further alleged, however, that such affections were alienated and such enticement was caused by reason of the criminal relations existing between her and the defendant. The alienation of affections, therefore, and the enticement appear to be alleged as part of the damages caused by the defendant's wrongful debauchery of plaintiff's wife. To this cause of action we think that the two years' Statute of Limitations was properly pleaded.

This case does not come within the decision of *Levy* v. *Harris* (29 App. Div. 453). In that case two distinct causes of action were stated, and the enticement of plaintiff's wife was alleged to have occurred two years before the criminal relations thereafter charged.

The interlocutory judgment should be reversed and the demurrer overruled, with costs.

All concurred; PARKER, P. J., and EDWARDS, J., in result.

Interlocutory judgment reversed and demurrer overruled, with costs in this court and in court below.