HIRSCHBERG, P. J., GAYNOR, RICH and MILLER, JJ., concurred.

Judgment and interlocutory judgment of the County Court of Kings county reversed, with costs, with leave to the defendants to plead over on payment of costs.

---

CHARLES M. PURDY, Respondent, *v.* GEORGE H. ROBINSON, Appellant.

Second Department, June 4, 1909.

Tort — criminal conversation — pleading — husband's adultery — defense — mitigation of damages — alienation of affections.

The beginning of an action for divorce does not sever the relation of husband and wife.

A husband's cause of action for criminal conversation is not barred by the plea of the adulterer that before the act of criminal conversation the plaintiff's wife had instituted an action for divorce in which, after the act complained of, a final judgment was rendered in her favor.

While the fact that the husband committed adultery is not available as a bar to the adulterer with the wife when sued for criminal conversation, yet such conduct may go to the mitigation of damages.

A separate cause of action for alienation of affections pleaded as of a period prior to the institution of the proceedings for divorce is unaffected by any consideration as to the divorce.

APPEAL by the defendant, George H. Robinson, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 7th day of March, 1908, upon the decision of the court, rendered after a trial at the Westchester Special Term, sustaining the plaintiff's demurrer to the separate defense contained in the amended answer.

*Lawrence E. Brown*, for the appellant.

*Ernest C. Morse*, for the respondent.

JENKS, J.:

The first cause of action is alienation of a wife's affections, and the second cause criminal conversation. The action was begun on May 2, 1907. The plaintiff has succeeded in a demurrer to the separate defense as insufficient in law. That defense is that, on or about June 14, 1906, the wife began her action for an absolute divorce for adultery, wherein the issues were tried, with the result of an interlocutory judgment in her favor on October 22, 1906, and a final judgment accordingly on January 28, 1907. And the defendant asks to refer on the trial of this action to the said judgment, interlocutory judgment, referee's report and complaint.

A husband's cause of action for criminal conversation should not be barred by the plea of the adulterer that *after* the act of criminal conversation the husband had forfeited or destroyed his conjugal rights. (See *Michael* v. *Dunkle*, 84 Ind. 544; *Wood* v. *Mathews*, 47 Iowa, 409, citing as cases maintained *Dickerman* v. *Graves*, 6 Cush. 308; *Ratcliff* v. *Wales*, 1 Hill, 63.) It was decided in England, and followed in Pennsylvania, that when the husband had relinquished *consortium* by his assent to living apart or separation, his action for criminal conversation had thereafter would not lie. (*Weedon* v. *Timbrell*, 5 Term Rep. [Durn. & E.] 357; *Fry* v. *Derstler*, 2 Yeates, 278.) But *Weedon* v. *Timbrell* (*supra*) was not without criticism. (See *Chambers* v. *Caulfield*, 6 East, 244, Lord ELLENBOROUGH, Ch. J., 247.) And it is said in *Cross* v. *Grant* (62 N. H. 685) that the court found that it had been followed in but one American case, and that in Canada. The court also comments: "If the husband, by his conduct, compels the

separation from him of his wife, he may, as to her, have lost his legal right to the solace and comfort of her society, but not as to all the world. His consent is not thereby extended to other men for sexual commerce with her. Although separated from her husband, and by his fault, she remains his wife until divorced, and for her support he is liable." And the court, per Woods, Ch. J., said in *Michael* v. *Dunkle* (*supra*, 545): "It would not be in the interests of good order and the public morals to permit the seducer of a wife to set up a disagreement, or even a separation, between her and the husband, as a complete defense to an action by the latter for the wrong." An act of criminal conversation is charged in the time intervening the commencement of the wife's action for divorce and the final decree therein. The proposition of the defendant applied to this case is that after a wife begins an action for absolute divorce, if she have a leman thereafter he is secure from an action by her husband for criminal conversation. But the beginning of an action for absolute divorce does not sever the relation of husband and wife. The wife cannot thereafter cohabit with the husband and succeed in her action, but cohabitation is not the full measure of his conjugal rights. In *Bigaouette* v. *Paulet* (134 Mass. 125, 126) the court, per Allen, J., say: "The essential injury to the husband consists in the defilement of the marriage bed — in the invasion of his exclusive right to marital intercourse with his wife, and to beget his own children. This presumes the loss of the *consortium* with his wife, of comfort in her society in that respect in which his right is peculiar and exclusive. Although actions of this nature have generally been brought where the alienation of the wife's affections, and actual deprivation of her society and assistance, have been the prominent injury to the husband, yet it is plain that the seduction of the wife, inducing her to violate her conjugal duties, and the injuries arising from that, are not the foundation of the action. The original and approved form of action is trespass *vi et armis*, and, though this form was adopted when the act was with the consent of the wife, it was for the reason, as given by Chief Justice Holt, that 'the law indulges the husband with an action of assault and battery for the injury done to him, though it be with consent of his wife, because the law will not allow her a consent in such case to the prejudice of her husband, because of the

interest he has in her.'" The *fact* that the husband committed adultery is not available as a bar to the adulterer with the wife when sued for criminal conversation. Lord KENYON ruled to the contrary at *nisi prius* (*Wyndham* v. *Wycombe,* 4 Esp. 16), but Lord ALVANLEY, also at *nisi prius,* refused to follow him (*Bromley* v. *Wallace,* 4 Esp. 237), and the later authorities sustain Lord ALVANLEY's position. (1 Bish. Mar., Div. & Sep. § 1371, citing *Norton* v. *Warner,* 9 Conn. 172; *Shattuck* v. *Hammond,* 46 Vt. 466. See, too, *Browning* v. *Jones,* 52 Ill. App. 597; *Harrison* v. *Price,* 22 Ind. 165.) Of course such conduct may go to mitigation of the damages. (Authorities *supra; Hadley* v. *Heywood,* 121 Mass. 236.) *Gleason* v. *Knapp* (56 Mich. 291), cited by the learned counsel for the appellant, is not for him. In that case the wife had obtained a divorce without defense, and the former husband afterwards sued the defendant for criminal conversation, alleging an act *known to the former husband* before the divorce suit. The court decided that if the husband had such a cause of action, it would not only have been admissible in evidence in the divorce suit, but would have been an absolute defense; that the husband's failure to defend the divorce suit upon that ground left it completely cut off, and that the decree of divorce was legally conclusive that the facts now relied upon by him in his action for criminal conversation did not exist. (Cited also in 2 Bish. Mar., Div. & Sep. § 1589.) I think that this doctrine is sound. But of course that rule depends upon the fact that the husband had knowledge so as to make the plea.

Further, the second cause of action pleads adulteries which are alleged to have been committed subsequent to the institution of the action for divorce. And, finally, the cause of action for alienation remains unaffected by any consideration as to the divorce, inasmuch as it is pleaded as of a period prior to the institution of that suit. It is a separate cause of action. (*Levy* v. *Harris,* 29 App. Div. 453.)

The interlocutory judgment must be affirmed, with costs.

WOODWARD, GAYNOR, BURR and MILLER, JJ., concurred.

Interlocutory judgment affirmed, with costs.