# EARNEST R. POLLARD, Appellant, v. WILLIAM N. WARD.

### Division Two, July 19, 1921.

1. **DIVORCE: Estoppel by Judgment in Alienation Suit.** A Judgment for divorce, in an action brought by the wife against her husband, to which he made no defense, determines the status of the parties to it, but is not conclusive upon strangers as to the facts in said suit litigated, and does not operate as an estoppel in a suit by the husband against the seducer of the wife for criminal conversation and the alienation of her affections, even though her petition in the divorce suit alleged as one ground for divorce that her husband had charged her with adultery with the said seducer. The seducer not having been a party to the action for divorce, a judgment for the wife therein was not such an adjudication that the seducer had not committed adultery with the wife as estops the husband from maintaining an action for damages against the seducer for alienation and criminal conversation with the wife prior to the time the divorce judgment was rendered.

2. ———: ———: **Petition and Judgment as Evidence.** But the petition and judgment in the wife's suit for divorce brought against the husband, in which she alleged as a ground therefor that he had charged her with adultery with a certain man, are admissible in evidence in a subsequent action by the husband against such man for damages for alienating the affections of the wife, as admissions, even though the husband filed no answer in said suit, but they are admissible not as conclusive against him, but only as any other admissions which may go to the jury for what they are worth.

3. ———: **Estoppel by Conduct.** The husband is not estopped by his failure to file an answer in the divorce suit brought by his wife, in which she alleged as one ground for divorce that he had charged her with adultery with a certain man, from maintaining an action for damages against said man for alienation and criminal conversation committed prior to the time the suit for divorce was instituted; for, even though it be conceded that the husband's conduct in the divorce suit in defaulting and failing to meet the wife's charge is inconsistent with his claim for damages in the alienation suit, two necessary elements of estoppel *in pais* are lacking, namely, the defendant did not act upon the faith of the husband's conduct in the divorce suit, for his criminality with

the wife occurred before that suit was brought, and, second, the defendant is not injured in any manner by the husband's failure to contradict or controvert the wife's charges in the divorce suit.

4. ———: Estoppel by Property Settlement. The fact that the husband in the divorce action brought by his wife paid his wife four thousand dollars as alimony and obtained from her a deed by which she conveyed to him her interest in property which he had acquired from her father, in no wise affects the defendant in the husband's suit for alienation and criminal conversation with the wife, and hence does not constitute estoppel.

5. EVIDENCE: No Objection. Unless objection is raised to testimony at the time the witness states it, its competency will not be ruled on appeal.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED (*with directions*).

*Pross T. Cross, H. J. West* and *Scott J. Miller,* for appellant.

(1) The husband has a right and a cause of action against a defendant, who has had criminal conversation with his wife and who has debauched his wife, and this cause of action still exists notwithstanding plaintiff's wife has secured a divorce by default in a divorce suit against plaintiff. Wales v. Minor, 89 Ind. 118; Wood v. Mathews, 47 Iowa, 411; Dickerman v. Graves, 6 Cushing 308; Ratcliff v. Wales, 1 Hill, 63; Barney v. Adriance, 142 N. Y. Supp. 479; Burdey v. Robinson, 117 N. Y. Supp. 295. (2) The cause of action in the divorce suit was between plaintiff's wife and plaintiff; the cause of action for the criminal conversation is between plaintiff and defendant Ward. The debauching of plaintiff's wife in the suit for criminal conversation, while she was his wife, has no connection and is no bar to plaintiff's suit for damages against the debaucher of his wife. Deford v. Johnson, 251 Mo. 253; Prettyman v. Williamson, 39 Atl. 731. (3) A judgment for di-

vorce, even at the husband's fault is not a bar to an action of this kind. Michael v. Dunkle, 84 Ind. 545. The defendant violated the right of plaintiff, he wronged the plaintiff and while the marital relations existed; then afterwards plaintiff's wife obtained a divorce from plaintiff and the question then arises to bar the plaintiff in his right of action for criminal conversation. The tort was complete before the divorce; that such an action is a tort and a personal action belongs to the injured spouse, is a settled fact and adjudicated law. Bennett v. Bennett, 116 N. Y. 584; Nolen v. Pierson, 191 Mass. 283; Modisett v. McPike, 74 Mo. 636; Clow v. Chapman, 125 Mo. 105; Deford v. Johnson, 251 Mo. 253.

*Bailey & Hart, James L. Farris' Sons* and *Lavelock & Kirkpatrick* for respondent.

(1) One of the alleged causes of action in the divorce suit and the only alleged cause of action in this suit, is identical in all respects, namely, the improper relations between Hope Pollard and William N. Ward; in such cases, the doctrine of estoppel applies, and respondent is permitted to avail himself of the divorce judgment, to which he was neither a party nor privy. Hill v. Bain, 15 R. I. 75; Atkinson v. White, 60 Me. 396. (2) An election is in the nature of an estoppel, and when made to appear from a final judgment, it concludes the party against whom it is invoked. Trimble v. Bank, 71 Mo. App. 467, 486. (3) The doctrine of election is a branch of the law of estoppel, and when Hope Pollard sued appellant for divorce and charged in her petition that appellant had wrongfully accused her of improper relations with William N. Ward, she thereby put the appellant to an election between one of two inconsistent courses of action, namely, he must answer the divorce suit, prove the guilt of his wife, and thereby establish the right to maintain this suit, or he might refuse to answer, withhold his evidence, if

any, allow his wife to judicially establish her innocence, obtain a decree for divorce and defeat this suit by estoppel. Fox v. Windes, 127 Mo. 502, 511; Plow Co. v. Wayland, 81 Mo. App. 305. (4) Appellant received, at least, a part of the fruits of the judgment for divorce, namely, a deed from his former wife for her interest in all of his real estate, and "where a party has taken the fruits of a judicial proceeding, he should not afterwards be heard to question it." Railroad v. Bridge Co., 215 Mo. 286, 298; Hector v. Mann, 225 Mo. 228, 248. (5) Hope Pollard charged in her petition for divorce, that appellant had' wrongfully accused her of having improper relations with one Ward; if appellant had information to that effect at the date of the institution of the divorce suit, and failed to set it up by way of answer, he is now estopped from averring that his wife was guilty of criminal conversation with Ward. 2 Bishop on Marriage, Divorce & Separation, sec. 1589; Gleason v. Knapp, 56 Mich. 291. (6) There are "forms of estoppel in which knowledge of the facts upon the part of the person invoking the estoppel and reliance upon the facts and a change of situation based upon that reliance, is not an element." Hector v. Mann, 225 Mo. 228, 245. (7) "Ordinarily, judgments have been held conclusive only between parties and their privies, and only when both parties are bound, but this rule is subject to exceptions." Portland Gold Min. Co. v. Stratton's Independence, 158 Fed. 63; Hill v. Bain, 15 R. I. 75; Atkinson v. White, 60 Me. 396. (8) Appellant appeared, by counsel, to the divorce suit of his wife, but failed to answer the allegations of her petition; he assented, at least, to that part of the judgment settling property rights, received the benefits therefrom, and in so doing, elected to adopt the theory that his wife was innocent, and that he was guilty of the allegations contained in her petition; by this act, he estopped and precluded himself from averring to the contrary. Stone v. Cook, 179 Mo. 534, 542; Ben-

sieck v. Cook, 110 Mo. 173, 182; Austin's Estate, 73 Mo. App. 61; Welch & Harvey v. Dameron, 47 Mo. App. 221; Boyd v. Redd, 118 N. C. 180; In Re Countryman's Estate, 151 Pa. St. 577; Bigelow on Estoppel (2 Ed.) 503. (9) To the divorce suit of the wife, appellant appeared by counsel, agreed with her as to the amount the court should adjudge to her as and for alimony, and also agreed with her that on the payment of $4,000 she was to make him a deed for all her interest in his real estate, which agreement was to be made a part of the judgment for divorce; by these acts and agreements, appellant confessed that under the petition of his wife, she was legally entitled to a divorce; for if guilty, he, and not she, was entitled to the divorce if guilty. She was not entitled to alimony, and a deed would be useless; having deliberately adopted this course of action, he cannot now recede therefrom. Stone v. Cook, 179 Mo. 534, 542; Bensieck v. Cook, 110 Mo. 173, 182; Austin's Estate, 73 Mo. App. 61. (10) Appellant cannot have two strings to his bow; he appeared to the divorce suit of his wife, he was served with a copy of her petition and was fully informed as to each and every allegation contained therein. With this information in his possession, he enters into an agreement with her, adjusting certain property rights; this agreement, beneficial to him, is carried into and made a part of the judgment for divorce. He accepts and receipts for his benefits, and now seeks to make respondent liable for that which was decided against him in said divorce suit. The two proceedings are incompatible and appellant having made his election and received certain benefits from said election, he is bound thereby. Nanson v. Jacobs, 93 Mo. 345.

WHITE, C.—The plaintiff recovered judgment in the the Circuit Court of Linn County, Missouri. A motion for new trial filed by defendant was sustained by the trial court, and from that order the plaintiff has appealed.

Pollard v. Ward.

The petition charges that the plaintiff has been damaged because of criminal conversation of the defendant with the plaintiff's wife, and alienation of her affections. The answer of defendant, after a general denial, pleads estoppel. It alleges that the wife of the plaintiff, Hope Pollard, on February 24, 1917, instituted a divorce proceeding in Ray County, Missouri, against the plaintiff herein; that in June 1917, a decree of divorce was granted to said Hope Pollard, the finding of the judgment being that the defendant therein, Earnest Pollard, was the guilty party, and the said Hope Pollard was the innocent party; that the alleged facts recited in plaintiff's petition, as to the unfaithful acts and conduct of Hope Pollard toward her husband, were reported to plaintiff and within his knowledge long before the 24th day of February, 1917, and by reason of plaintiff's acts and conduct his failure to answer the petition of the said Hope Pollard, and by the judgment in the divorce proceeding, plaintiff is estopped from maintaining his action herein. The suit was brought in Caldwell County; change of venue was granted to Linn County, where the trial was had, beginning on the third day of June, 1919.

At the time of the occurrences complained of the plaintiff, Pollard, thirty-eight years old, lived on his farm in Caldwell County with his wife and four children. He separated from his wife January 29, 1917. Another child was born to his wife two or three months afterward. The defendant, William Ward, then a single man, lived with his parents about a quarter of a mile from the Pollard home.

A volume of evidence was introduced by the plaintiff tending to prove improper intimacy between the plaintiff and the defendant's wife, which ran over a period of two or three years before the separation, January 29, 1917. A number of witnesses, including neighbors and others, testified that they saw the defendant visit plaintiff's home during plaintiff's absence, and apparent secret meetings between Hope Pollard and the defendant.

Some of the witnesses swore to seeing acts of a criminal nature between them.

On January 28, 1917, plaintiff became convinced that a clandestine meeting had taken place between his wife and Ward, and procured bloodhounds which traced the tracks of someone to Ward's house. Plaintiff separated from his wife the next day. It is unnecessary to state the evidence any further than to say it is sufficiently clear and substantial to support the allegations of the petition.

The defendant denied all charges, and introduced evidence to show his good character. He introduced the pleadings and judgment in the divorce proceeding begun by Hope Pollard a short time after the separation from her husband. Other facts necessary in consideration of the points to be determined will be noted later in the opinion.

The jury in their verdict assessed the plaintiff's actual damages at five thousand dollars and his punitive damages at seven thousand dollars. The motion for new trial was sustained on the ground that the matters charged and put in issue by the petition in the divorce proceeding "were largely if not entirely matters involved in the present trial." The trial judge clearly stated his reason for sustaining the motion, thus:

"Under these facts the court is of the opinion that having failed to deny the allegations of the said divorce petition and having made a money settlement upon the charges confessed in it, and having confessed the truth by having failed to answer, plaintiff in this case is estopped from further asserting the infidelity of said wife and ought not in good conscience be permitted to maintain this action."

The petition in the divorce proceeding alleged that the defendant in that suit, Earnest R. Pollard, had offered his wife, Hope Pollard, such indignities as to make her condition intolerable. The indignities enumerated consisted of several specifications of cruel and barbarous treatment, abuse and villification. The petition

then alleged that on the evening of January 28th, the plaintiff, Hope Pollard, left the house for a few minutes and when the defendant saw his wife coming back he charged her with meeting a man "out there," and . . . "repeatedly said and accused plaintiff of having met the son of Mr. Ward that night, . . . and plaintiff says that the defendant has repeatedly since then accused the plaintiff of improper relations with other men and has ordered her to leave him."

The judgment in the divorce proceeding recites a finding that during all the time plaintiff faithfully demeaned herself and discharged all of her duties to the defendant as his wife, "but that the defendant cursed and abused her at divers times and did such other and improper conduct towards her as his wife as to render her condition intolerable as set forth in plaintiff's petition." Alimony to the plaintiff was allowed in the sum of four thousand dollars, and she was required to execute a quit-claim deed to defendant for all the land of defendant. The acknowledgment of the receipt of such deed is recited in the decree.

I. The general rule is that a decree of divorce does not bar an action for previous alienation of affections, or criminal conversation or seduction. [21 Cyc. 1626; DeFord v. Johnson, 251 Mo. 244, l. c. 253 to 256, and cases there cited.] This court in the opinion by GRAVES, J., in that case, said at page 255, speaking of cases cited:

*Estoppel by Judgment.*

"They declare the general doctrine that although the jury may believe that plaintiff's wife obtained a divorce from him, and that she made plaintiff's misconduct ground for obtaining said divorce, yet if the jury believe that notwithstanding such misconduct on the part of the plaintiff, his wife would not have separated or remained apart from him, or sued him for a divorce if it had not been for the acts, conduct and influence of defendant toward her; and that defendant purposely and intentionally, by such acts, conduct and influence,

induced her to so separate or remain apart from plaintiff, or sue him for a divorce; then, the fact that plaintiff's wife obtained such a divorce on account of plaintiff's misconduct, does not, of itself, constitute any defense to this suit.''

This is quoted from Modisett v. McPike, 74 Mo. l. c. 646. The DeFord case is reported in 46 L. R. A. (N. S.) 1083, with copious notes citing numerous cases where the subject is illustrated. There is no direct allegation in the petition for divorce which puts in issue the criminal conversation of Ward with the plaintiff's wife alleged in this case, so that it could be said to have been adjudicated in that case.

The point made by the defendant, and the point in the mind of the court in sustaining the motion for new trial, is that the plaintiff could have defeated his wife's suit for divorce by proving the facts as to her relations with the defendant; that the very issues presented for determination in this case must have been determined there, because plaintiff failed to present a defense to that divorce proceeding, which was complete if true; the judgment, therefore, is conclusive that his wife was not guilty of misconduct.

In taking that position the respondent assumes that a judgment in a divorce proceeding is different from other judgments in that it is binding upon others than parties to it. There was such a holding in the case of Gleason v. Knapp, 56 Mich. 291, a case followed in some jurisdictions. That case, however, has been modified and deprived of much of its force by subsequent adjudications by the Supreme Court of Michigan. [Knickerbocker v. Worthing, 138 Mich. 224, l. c. 228; Philpott, v. Kirkpatrick, 171 Mich. 495.]

The precise point has never been determined in this State, but it was approached in the DeFord case, supra. A number of decisions in other jurisdictions take a position contrary to that assumed by the trial court. In Luke v. Hill, 137 Ga. 159, 38 L. R. A. (N. S.) 559-

563, it is held that a decree of divorce is a judgment *quasi in rem.* "So far as adjudication fixes the *status* of the parties the judgment concludes both parties and strangers; but, beyond the adjudication of the *status,* the decree does not conclude strangers. . . . A divorce decree will not estop a party thereto from contesting with a stranger the truth of the grounds as affecting his liability in another suit upon a cause of action arising pending the divorce suit, but before the decree."

Leading cases are cited in support of the proposition. The case of Coney v. Harney, 53 N. J. L. 53, was a suit brought by the plaintiff's wife, and it was held that a decree of divorce in favor of plaintiff's wife was not a bar to his suit for damages for criminal conversation, although he had filed in the divorce proceeding a cross-bill, afterwards dismissed, in which he charged his wife with the very criminal acts alleged as a cause of action in the suit on trial. The court said, l. c. 54-55: "An estoppel, even by the judgment of the court, must be mutual to be admissible in bar, and such a judgment will bind only those who are party or privy thereto. Here defendant was neither party nor privy. There was no mutuality, for it had been adjudicated that defendant had committed the adultery charged in the cross petition, such adjudication manifestly could not have been* set up against him"—a statement of the law particularly applicable to this case.

The case of Michael v. Dunkle, 84 Ind. 544, was an action for criminal conversation brought by the husband against the seducer of his wife; the defendant set up a decree of divorce granted to her on account of her husband's cruelty. The husband knew of the criminal conduct before the divorce decree was granted. The court held that because the acts complained of occurred while she was still his wife, he had a cause of action, and then used this language at page 545: "After this discovery, it is not strange that the appellee permitted his

wife, without resistance, to obtain a divorce; but he did not thereby waive or lose his right to redress for the injury done. It would not be in the interests of good order and the public morals to permit the seducer of the wife to set up a disagreement, or even a separation, between her and the husband, as a complete defense to an action by the latter for the wrong.''

From these authorities and the others reviewed in the notes in 46 L. R. A. (N. S.) 1083 to the DeFord Case, and the Luke Case, 137 Ga. 159, supra, the general rule appears that a judgment of divorce is conclusive upon strangers as determining the *status* of the parties to it, but not conclusive upon strangers as to the facts litigated. The position taken in the Gleason Case cited from 56 Mich. 291, is not supported by reason nor by the weight of authority. There was no mutuality, as said in the New Jersey case, supra. Had the court in the divorce proceeding found the wife guilty of adultery with Ward, Ward would not be bound by it in this suit.

The pleadings and judgment in the divorce proceeding were probably admissible in evidence in this case as showing an admission on the part of the plaintiff. If Pollard, in his wife's divorce proceeding had filed a pleading which admitted any fact, or if by his silence he had failed to controvert the facts alleged there, it would be proper to show it as an admission against him. Such admission would not be conclusive against him here, but like any other admission it could go to the jury for what it was worth. [See Sickler v. Mannix, 68 Neb. 21; l. c. 23.] Logically it must follow that the plaintiff is not concluded by the judgment in the divorce proceeding.

II. Next, the question arises as to whether the plaintiff is estopped by his conduct. It is true that he permitted a decree of divorce to be rendered against him upon the allegations of his wife's petition. While that petition did not in direct terms allege that he had falsely charged her with illicit relations with Ward it may be conceded that he was

Estoppel
by Conduct.

put upon his notice that such charge was intended. As said in the Indiana case cited above, after he discovered the nature of her conduct he might very well desire a divorce and make it as easy as possible for his wife to obtain one. But the proceeding lacks every element of estoppel by conduct, or estoppel *in pais*.

To constitute estoppel *in pais* three things must occur: First, an admission, statement, or act inconsistent with the claim afterwards asserted and sued on; second, action by the other party on the faith of such admission, statement or act; and, third, injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act. [First National Bank of Mexico v. Ragsdale, 171 Mo. l. c. 185; Wyatt, v. White, 192 Mo. App. l. c. 560; DeLashmutt v. Teetor, 261 Mo. l. c. 441; Thompson v. Lindsay, 242 Mo. l. c. 76.]

It may be conceded that in the divorce proceeding Pollard's conduct was inconsistent with the claim he puts forth here, but it cannot be said that the defendant in this case acted upon the faith of any such conduct. His criminality with the plaintiff's wife occurred before the divorce suit was brought, and before the separation. Likewise, the third requisite does not appear here. The defendant is not injured in any manner by the failure of the plaintiff to contradict or controvert the allegations of his wife's petition. If the plaintiff had asserted and maintained in the divorce proceeding the facts which he alleges in this suit, the defendant here would have been in no better position than he is. [Thompson v. Lindsay, 242 Mo. l. c. 76; DeLashmutt v. Teetor, 261 Mo. l. c. 441.] Ward did not in any manner nor to any degree rely upon anything plaintiff did in his wife's divorce suit, and is not injuriously affected in any manner by the plaintiff's position maintained here because it happens to be different from what he assumed there. The defendant is in no position to invoke the principle of estoppel *in pais*.

Pollard v. Ward.

III. It is further claimed by the respondent that the plaintiff herein has obtained the benefit of a transaction and seeks to repudiate it in this case in that he obtained the divorce from his wife, a deed from her, and paid her four thousand dollars alimony,

Estoppel by Property. Settlement.

and having obtained that advantage and assumed that position, he has elected so that he cannot assume a different position here. This is another way of attempting to state an estoppel. It is impossible to see how that transaction affects the defendant. The business settlement which the plaintiff made with his wife at the time of the decree consisted simply of the purchase by him of her interest in property, which he had acquired from her father. It may have been worth more than he paid her, but he is not retaining the fruits of another transaction which affects the defendant or bears any relation whatever to the issues to be determined in this case.

IV. Another ground is urged by the respondent in support of the propriety of the ruling: it is claimed that improper evidence was offered on behalf of the appellant

Evidence.

showing the incident in relation to the bloodhounds. We cannot find that the evidence in the way it arose was incompetent, and if it was the point was not raised in time. When the plaintiff in his direct examination related the facts about calling the bloodhounds no objection was made to his evidence.

The judgment is reversed and the cause remanded with directions to the trial court to set aside the order granting a new trial, and to render judgment for the plaintiff upon the verdict as returned by the jury. And *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.