### HEITMAN v SLEE

Ohio Appeals, 6th Dist, Lucas Co

No 2681. Decided June 13, 1932

C. D. Brown, Toledo, for plaintiff in error.
W. E. Orthwein, Toledo, for defendant in error.

RICHARDS, J.

The evidence discloses that Slee and his wife were married in 1903 and lived happily together for more than 20 years, during which time a son was born to them who is now about 27 years of age. Slee was an industrious man and had purchased a home in Toledo worth about $4,000.00 on which he was making payments from his wages. The house was nicely furnished and both parties seem to have been contented and happy until about 1925. In that year Slee was 47 years of age, his wife about 42 and it is said by counsel that Heitman was about 33. At that time Heitman began paying assiduous attention to Mrs. Slee and taking her on many automobile trips, usually at night, Slee being engaged in his employment from late afternoon until 2 or 3 o'clock in the morning. The evidence leaves no room for doubt and justified the jury in finding that this home was broken up and disrupted by the unlawful attentions bestowed by Heitman on Mrs. Slee. These facts appear by the evidence offered by the plaintiff and are not denied by the defendant, who did not see proper to take the stand and testify, nor was Mrs. Slee called as a witness.

It is true that in 1929 Mrs. Slee sued her husband for divorce and obtained a divorce against him based upon the grounds of extreme cruelty and gross neglect of duty. He filed an answer in that action denying the charges made by his wife and charging her with being guilty of highly improper conduct with a man who is not named in the answer, but the reference was undoubtedly to Heitman. After the answer was filed the parties made an adjustment of their financial matters and Slee did not appear at the hearing of the divorce action nor make any defense. The judgment rendered in that action does not operate either as res adjudicata or as an estoppel in the present action, because Heitman was neither a party nor a privy in the action. While that judgment was conclusive as between the parties upon everything decided therein, as to strangers it only determined the status of the parties and established simply that they had been married and were, by the judgment of the court, divorced. That judgment would not in any sence bar Slee from maintaining the action for alienation of the affections of his wife nor for criminal conversation occurring prior to the divorce. Such undoubtedly is the rule sustained by the great weight of authority. I cite only a few of the cases on this proposition:

Coney v Harney, 53 N. J. L., 53;
Lee v Hammond, 114 Wis., 550;
Michael v Dunkle, 84 Ind., 544;
Pollard v Ward, 289 Mo., 275; 20 A. L. R., 938.

The last case cited is extensively annotated and the authorities collected in 20 A. L. R.

Counsel for plaintiff in error relies on Gleason v Knapp, 56 Mich., 291, but that case has been distinguished, limited and discredited by later cases in Michigan and can not be followed by this court.

It is contended that the judgment is excessive, but Mrs. Slee, before the unlawful conduct of Heitman, was a good and loyal wife. The amount of the verdict represents an attempt to assess the value of such a wife, and who can say that the assessment was too high? We have the authority of the Scriptures that a worthy woman is the crown of her husband and that her price is far above rubies.

Finding no prejudicial error, the judgment will be affirmed.

LLOYD and WILLIAMS, JJ, concur.