Emery SUTTON, Appellant,

v.

Harold SUTTON, Respondent.

No. 38831.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 23, 1978.

Lawrence N. Koeln, Centerville, for appellant.

Jack C. Harper, Clayton, for respondent.

WEIER, Judge.

Plaintiff Emery Sutton brought this suit against the defendant Harold Sutton to recover actual and punitive damages for defendant's alleged alienation of the affections of the plaintiff's wife. The Circuit Court of St. Charles County, Missouri, granted defendant's motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiff appeals. We reverse and remand for trial.

In considering a petition on motion to dismiss, we accept as true the facts

properly pleaded and construe it liberally and favorably to the plaintiff, giving him the benefit of all reasonable inferences fairly deducible from the facts stated. *Concerned Parents v. Caruthersville School District 18*, 548 S.W.2d 554, 558[6] (Mo.banc 1977). The pleader is only required to state ultimate facts. It is not necessary to plead facts and circumstances by which the ultimate facts will be established. *Scheibel v. Hillis*, 531 S.W.2d 285, 290[14] (Mo.1976). If facts so pleaded, together with reasonable inferences that can be drawn from these allegations, show any ground upon which relief can be granted, the motion should be denied. *Euge v. Golden*, 551 S.W.2d 928, 931[4] (Mo.App.1977).

Keeping these general principles in mind, we consider the plaintiff's petition in light of the elements required to be pleaded and proved in a suit for alienation of affections.

■ "Alienation of affections is an intentional tort, and the elements of the cause of action are defendant's wrongful conduct, plaintiff's loss of the affections or consortium of his spouse, and the causal connection between such conduct of defendant and the loss by plaintiff. *Gibson v. Frowein*, 400 S.W.2d 418, 421[3] (Mo.banc 1966). We review plaintiff's petition to determine whether the allegations therein sufficiently plead the ultimate facts containing the elements outlined in *Gibson*.

(1) *Wrongful conduct.* Plaintiff alleges ". . . the defendant, well knowing the said JoAnn Sutton to be the wife of the plaintiff, and wrongfully intending to injure this plaintiff and deprive him of his said wife's comfort, society and assistance, willfully, wickedly and maliciously gained the affections of said JoAnn Sutton, and induced her to have carnal intercourse with him and sought to persuade her and entice her to leave plaintiff . . ."

(2) *Plaintiff's loss of affections or consortium.* The petition alleges that defendant alienated and destroyed plaintiff's wife's affection for plaintiff and that he has been deprived of the comfort, society and assistance of his wife.

(3) *Causal connection.* The petition alleges that by reason of the allegations of wrongful conduct set out in (1), plaintiff lost the affection of his wife for him, and that by reason thereof he was damaged in the sum of $10,000.

Here we have a petition which sets out that the defendant deliberately committed acts which were inherently wrong and seductive and tended to and did have that effect. It alleges an active interference with the marital relation between the spouses. Causal connection of wrongful acts with the loss of affection is clearly stated. We see no basis upon which the trial court can be sustained for granting the motion to dismiss.

■ Contrary to defendant's suggestion, there is no bar to the plaintiff's cause arising from plaintiff's institution of an action to dissolve his marriage and obtaining judgment in that suit. A decree of divorce does not generally bar an action for previous alienation of affections. *Pollard v. Ward*, 289 Mo. 275, 282, 233 S.W. 14, 16[1] (1921). There seems to be no reason why a defendant in an action for alienation of affections may assert as a grounds for defense a decree dissolving the marriage of the plaintiff and his or her erring spouse unless the decree was rendered prior to the acts of defendant described in the petition.

A motion by appellant to correct the transcript remains for disposition. No filing date is shown in the transcript on the entry containing appellant's motion to set aside order sustaining defendant's motion to dismiss and for rehearing. We have ordered up the original court record in the case and find that the court minutes set out the date on which this motion was filed to be November 8, 1976. The judgment of dismissal was entered October 29, 1976. Plaintiff's motion to set this order aside was filed well within the fifteen days allowed by Rule 78.04.

The judgment is reversed and the case remanded.

GUNN, P. J., and KELLY, J., concur.